[No. 14501. In Bank. — March 24, 1892.]

## MARY S. MOULTON, APPELLANT, v. MARY ANN McDERMOTT, RESPONDENT.

EJECTMENT — WRIT OF POSSESSION — ORDER RESTRAINING DISPOSSESSION — LANDLORD AND TENANT. — Where the plaintiff, in an action of eject ment, recovered judgment on the sole ground that the defendant, being his tenant, was estopped to deny his tenancy, and a third party claimed also as landlord of the same tenant under a superior title, recognized as such by the trial court, but of which he was not allowed the advantage in the action, an order restraining dispossession of the grantee of such third party under the writ of possession is properly granted.

ID. — JUDGMENT — RES ADJUDICATA — SUPERIOR TITLE NOT PASSED UPON. — The only matter concluded by the judgment in such action as against the third party, who sought to defend as landlord of the defendant, is that the defendant was not his tenant, but the tenant of the plaintiff and the grantee of such third party, in possession by another tenant, is not concluded from showing that such possession is not under the defendant in the action, nor estopped from setting up the superior title, which was not judicially passed upon, but declared by the trial court to be paramount to that of the plaintiff, as a shield against the enforce ment of the writ of possession.

APPEAL from an order of the Superior Court of the city and county of San Francisco restraining the execution of a writ of possession.

*H. A. Powell,* for Appellant.

*J. G. Maguire, J. D. Sullivan,* and *George D. Collins,* for Respondent.

FOOTE, C. — The appeal taken herein is from an order perpetually restraining the sheriff from executing a writ of possession issuing under a judgment in ejectment.

The action was for the purpose of recovering possession of certain premises from Mary Ann McDermott and certain defendants. Judgment was given in favor of the plaintiff, but when the writ of possession involved here was issued, the defendant in the action was dead, and Fanny McElhinny, who was not a party to the original action in ejectment, was in possession, by her tenant, of the premises, and upon her application the court below enjoined the sheriff from interfering with her under the writ.

The plaintiff in the action above alluded to contends that Mrs. McElhinny was so connected with the original action, although not a formal party thereto, that she ought to be held concluded by the judgment therein rendered, and therefore subject to be removed from possession of the premises under the present writ of possession.

The defendant, Mrs. McDermott, set up, in her answer in the original suit, that she was the tenant in possession of John McElhinny, the husband of the party now in possession, Mrs. McElhinny, who now claims to be the owner of the property in dispute, and seised in fee thereof, and that her grantor was one John McElhinny.

The plaintiff failed to show any title in herself, as declared by the court, but under the instructions of that tribunal, the jury returned a verdict for the plaintiff, because of the fact that Mrs. McDermott, the defendant, having entered under the plaintiff as tenant, was es-

topped to deny the plaintiff's title, under whose license the defendant entered.

In the same connection the court charged that if this question of estoppel was out of the way, the plaintiff's title would be of no avail as against the right or title of Mrs. McElhinny, under whom also the defendant claimed.

So, in effect, the case went off on the question of estoppel, and did not determine anything adverse to the right of possession of Mrs. McElhinny, the party in whose favor the court below made its restraining order. In other words, Mrs. McElhinny, although endeavoring to have the defendant prevail, as her tenant, under a title superior to that of the plaintiff, did not have the advantage of this superior right or title, because the jury, under the instructions of the court, were bound to find that Mrs. McDermott had entered under the plaintiff, and was estopped to defend her possession under the superior right of Mrs. McElhinny.

As the case stands, this individual, although not an actual party to the record, is sought to be put out of possession by one having an inferior title to hers, because it is claimed that Mrs. McElhinny, by assisting the defendant in the action, is concluded by the judgment.

She is concluded, as we think, only so far that she cannot say that Mrs. McDermott was her tenant, but she, being now in possession in her own right, and adverse to the plaintiff, is not concluded from setting up, as a shield, her superior title, which has never been passed upon. To say otherwise would be to pervert a just rule which the plaintiff and appellant invokes. The plaintiff below contended, and prevailed in the contention, that Mrs. McDermott was not *the tenant of Mrs. McElhinny.* If we understand her position now, it is, that Mrs. McElhinny claimed possession under her tenant, Mrs. McDermott, when the action was brought, and is therefore liable to be turned out. But the plaintiff must stand on the position she took and maintained, that Mrs. McDer-

mott was her tenant, not that of Mrs. McElhinny, and must give back possession as such tenant, and is estopped to set up any superior title of Mrs. McElhinny.

But we do not think that Mrs. McElhinny, who has been adjudged not to be the landlady of Mrs. McDermott, should be cut off from defending her possession under a superior title, which has never been judicially passed upon as between her or her tenant and the plaintiff.

The authorities cited by the appellant do not go so far as to conclude one's superior title, when no opportunity has been had to have it passed on, and where the court has actually told the jury that if the tenant is not estopped to set it up, it is the better title and should prevail.     Mrs. McElhinny has a right in this proceeding to show that her possession is not under Mrs. McDermott, but in virtue of a paramount title, as it was declared she had by the trial court in the original action. (See *Long* v. *Morton*, 2 A. K. Marsh. 39, cited in *Sampson* v. *Ohleyer*, 22 Cal. 207.)

Mrs. McElhinny is not the assignee in any way of Mrs. McDermott, who is dead; she is holding for herself by virtue of an independent, adverse, and paramount title to that of the plaintiff, whose tenant is dead.

The judgment was based upon the fact that Mrs. McDermott was not the tenant of Mrs. McElhinny or her grantor, Mr. McElhinny, but that she was the tenant of the plaintiff.     If that is so, then the possession of Mrs. McElhinny, upon the plaintiff's theory and contention, must be independent of the tenant, Mrs. McDermott, and her landlady, the plaintiff, and as the record shows, under a superior right to that of the plaintiff.

Under the circumstances of this case, we think the trial court is not shown to be guilty of an abuse of discretion, and was justified in its ruling, as the distinct title of Mrs. McElhinny has not been tried in the action of ejectment. (See *Hickman* v. *Dale*, 7 Yerg. 149 cited in *Sampson* v. *Ohleyer*, 22 Cal. 207.)

We therefore advise that the order appealed from be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.